Robert Ducros.

.vs.

Missouri State Life Ins. Co. :

No. 7996.

Court of Appeal.

Parish of Orleans.

Dinkelspiel. J.

7996

Dinkelspiel. J.

Plaintiff claims that defendant, a Missouri corporation, domiciled in the City of St. Louis, State of Missouri, but which is authorized to, and actually conduts business of life insurance in this State, and which has designated the Secretary of State of Louisiana as it's agent for the service of legal process in conformity with Section 1 of Article 3 of Act 105 of 1898, is justly and truly inbedted to plaintiff in the full sum of $418.75, with legal interest from October, 20th. 1919, for this:-

That on October, 11th. 1915, defendant company issued to plaintiff three seperate policies of insurance on his life, bearing different numbers, for different amounts, in all amounting to the sum of $25.000., for which premiums on the several policies were paid from time to time and for a period of upwards of five years.

That said policies were issued, and the amount of the annual premiums, in each case, based on an application made made and signed by plaintiff in which he dalared his age to be 34 years, but that in point of fact, and at the time the policies were issued and the applications made he was was only 28 years of age, that he overstated his age in said applications for purely private business reasons wholly disconnected from his application for insurance.

" That overstatement of age, aforesaid, do not visiate said policies; the contract of insurance in each case specifically providing for such contingency; and that said overstatement of age does not constitue a fraud on said defendat company, or in any manner prejudice it's rights, the maximum of defendant's liability being fixed in each policy, by the face amount thereof. "

" That under date of October, 20th. 1919, the business

464

exgencies which originall controlled him having terminated, plaintiff advised said defendant company of the overstatement of age, gave it his correct age, and requeted an adjustment of the policies and a return of the ecess or unerned premiums which he itemizes totaling $418.75.

And, alleging further that, the overstatement of age did not secure to plaintiff greater protection, or increase defendant's liability, therefore, the excess premiums paid were whólly without consideration, defendant company not having given anything in retürn, and that therefore he was entitled to a return of said excess or unearned premiums. And, attaching to his petition and making part thereof a photographic copy of one of the policies and the application therefor, and avering that all three policies are indentical in terms, the only dífference being in face amounts, and that all were issued on identical applicatiom, and avering amicable demand prayed for judgment.

Defendant excepted to the petition on the ground that same does not recite, set out, or disclose a right or cause of action, and that same is vague and indefinate. This cause is claimed to have been and to be res nova. Civil Code, Art. 2302. " He who has paid throught a mistake, believing himself a debtor, may reclaim what he has paid."

Code of Practice, Art. 18:- " He who pays through error what he does not owe, has an action for the reparation of what he has thus paid, unless there was a natural obligation to make such payment; but he must prove that he paid through error, otherwise it shall be presumed that he intended to give". Citing numerous authorities. Again, Civil Code, Art. 12 1799:- " It is a presumption of law that in every contract each party has agreed to confer on the other the right of judicially enforcing performance of the agreement, unless the contrary is expressed oŗ may be implied".

165

or may be implied".

Art1801, Code of Practice:- " The party proposing shall
be presumed to continue in the intention, which his
proposal expressed, if on receiving the unqualified
assent of him to whom the proposition is made he do
not signify the change of of his intention." Joyce on
Insurance, Vol. 3. p. 3580. Par. 1401, B, reads as
follows:- " And although the insurer has for several
years collected premiums in excess of the maximum
$ates fixed by the contract, and of those which he was
legally obligated to pay, and though he has protested
against said excessive rates, nevertheless it is dec-
ided that such excessive premiums cannot be recovered
back as they were voluntarily made under a claim of
right. the ground of the decision being that, in the
absence of a statute, fraud, compulsion or duress, a
person who with full knowledge of the facts voluntarily
pays another money cannot thereafter recover back the same
even though he protested at the time against his liability
and declares that he makes the payment under coercion.
A distinction was made between such a case and one of
payment under a mistake of facts. So one voluntarily
paying an insurance premium with knowledge of the facts,
cannot recover them on the theory that they were not in
accord with his contract.  So where, under an employers
liability policy, and addition premium was paid after
the expiration of the contract, based upon wages of
employees not in the clause included by the $erms of the
policy, it was held, that such payment was voluntary one
made under a mistake of law and not recoverable".
In the case Tabo$ vs. New Bedford, 177 Mass. 197.;
" Where plaintiff had paid a license conditioned as to
believe he was permitted to carry on his business, and
the license was subsequently revoked the Court held:-

" In an action for money had and received, when the plaint
-iff made a voluntary payment free of any binding contract
or condition: that there was no mistake of fact, and that
the license was valid, at least while the board granting
it remained in office."

In the 126 Mass. Rep. p. 485, Regan vs. Baldwin,;-
" Where the lease of a shop provided that the lessee should
pay a certain rent, except in case of fire, and should keep
the premises in repair, damage by fire excepted, so as to be
rendered unfit for use, the rent or a just proportionate
thereof, according to the thing and extent of the injury sus-
tained, should be abatted or suspended, until the premises should
be put in proper condition for habitation of the lessor.
During the term of the lease,  the shop was injured by fire, so
as to be unfit for use, the lessor did not repair for a cer-
tain time, refused to abate the rent, and demanded full rent
of the lessee which he paid under protest.
Held;- that the lessee had no cause of action against the
lessor"

Walden vs. La. Insurance Co. 12 L. 134.  " The insurer must be
informed of every circumstance tending to create or increase the
risk, and which if disclosed, might induce him to decline or
even demand a higher premium."

In the 125 L. p/ 47, Mutual Life Insurance Co. vs. New. ,
quoting from the syllabus; " Where there is a clause in the
policy of insurance provided that  that if the age of the
assured has been misstated that the benefit will be adjusted
equitably upon ascertainment of that fact, and there is another
clause providing that after two years the policy will be in-
contestible, if the premiums have been paid, both clauses are
general and one does not control the other".

In that case without quoting anything more than we have from
the syllabus, the Court goes on to say:  That where the assured
has understated her age, and the company after death paid the
policy, suit brought by the company subsequently to the party

paying in error, was denied the right of recovery, because of
the clause in the policy of incontestibility after two years.

A careful examination of the case at bar satisfies us that
plaintiff has accomplishhd the object stated in his petition
and has received the benefits by misstating his age. The law
is absolute, and in so far as the authorities go all that we
have been able to find are ~~unanious~~ ~~unanimous~~ unanimous, in
sustaining the rights of defendant in this case and in refus-
ing to give that which was voluntarily given by plaintiff to
further his object.

For the reasons herein assigned, it is ordered, adjudged and
decreed, that the judgment of the lower Court, be, and is here-
by affirmed with costs of both Courts.

—Judgment Affirmed—